UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM T. PITTMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| **ROBERTSON COUNTY SHERIFF'S DEPT.** | ) |
| | ) **JURY DEMAND** |
| Defendant. | ) |

# COMPLAINT

COMES NOW Plaintiff, by and through counsel, for cause of action against Defendant, would respectfully state as follows:

PARTIES

1. Plaintiff, **WILLIAM T. PITTMAN**, ("Plaintiff") is a citizen of the United States, who resides in Greenbrier, Robertson County, Tennessee and at all times material was employed by Defendant, **ROBERTSON COUNTY SHERIFF'S DEPARTMENT**, ("Defendant").

2. Defendant is a county agency located at 507 South Browns Street, Springfield, Tennessee that is charged with the law enforcement responsibilities for Robertson County, Tennessee. Defendant may be served through Robertson County Attorney, Clyde W. Richert, III, 516 South Main Street, Springfield, Tennessee 37172-2815 and Robertson County Mayor Howard Bradley, Courthouse, Room 108, Springfield, Tennessee 37172.

JURISDICTION AND VENUE

3. This suit is brought and jurisdiction lies in this Court pursuant to Section 107(a) of the Americans with Disability Act, 42 U.S.C Section 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, and the Uniformed Services

Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301 *et. seq.* Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The actions which violate the aforementioned statutes were committed in Springfield, Robertson County, Tennessee where the Plaintiff worked for the Defendant.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") a received a right to sue letter and has met all the conditions precedent to bringing this action.

6. Venue is proper as the Defendant is a resident of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

## FACTUAL ALLEGATIONS

7. Defendant is a person within the meaning of Section 101(7) of the ADA, 42 U.S.C. Section 12111(7) as well as the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301 *et. seq*.

8. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. Section 12111(8), the Family Medical Leave Act and Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his former position with Defendant employer.

9. At all relevant times, Plaintiff has been inflicted with Neuropathy whereby Plaintiff's disabilities prevent him from enjoying one or more major life activities and as such, Plaintiff is an individual with a disability as that term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2).

10. Defendant is an employer within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. Section 12111(5)(A) and Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301 *et. seq*.

11. At all times, Plaintiff was discriminated and retaliated against in his employment based on a perceived disability and/or for filing a charge of discrimination against Defendant as well as his membership in the armed forces.

12. Plaintiff was hired by Defendant around May of 2008 as a Correctional Officer.

13. Plaintiff was a member of the Armed Forces at all relevant times herein and in the latter part of 2009, Plaintiff was informed that he would be deployed for active duty.

14. Plaintiff informed Defendant of his deployment and on December 2, 2009, left to perform in the uniformed services whereby Plaintiff served honorably in the U.S. Army National Guard from December 2 thru December 19, 2009.

15. During his deployment, Plaintiff was diagnosed by military doctors as having neuropathy in his legs whereby Plaintiff was informed that he would not be deployed overseas and told to return to his employment with Defendant. Plaintiff did so and advised Defendant of his diagnosis of neuropathy.

16. Plaintiff returned to Defendant and made application for reemployment on December 21, 2009 as Plaintiff was eligible for reemployment.

17. Upon making his application, Plaintiff was told by Defendant that they "weren't sure what to do with him" and that he should "go home and wait for them [Defendant] to contact him."

18. Upon not hearing from Defendant, Plaintiff contacted the Sheriff's Office on or about January 4, 2010 and a meeting was arranged between Plaintiff and Sheriff Gene Bollinger and Chief Holt for January 5, 2010.

19. At this meeting, Plaintiff was told by Chief Holt that he could not be reemployed because of the potential Worker's Compensation issues that might arise due to his neuropathy.

20. Plaintiff, however, was qualified to perform his job duties or those of other positions, with or without a reasonable accommodation.

21. Based on the foregoing, Plaintiff submits that he was unfairly thought of and regarded as having a disability and that Defendant discriminated against Plaintiff in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. 4301 *et. seq*.

22. As a result, Plaintiff has suffered and continues to suffer a loss of income and other employment benefits, and suffered and continued to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court grant the following relief to Plaintiff:

1. That process issue and Defendant be required to respond to this Complaint within the time period prescribed by law;

2. That a jury be empanelled to hear and decide the merits and damages;

3. Order Defendant to make Plaintiff whole by providing him with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

4. That Defendant be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff;

5. Order that Defendant employer make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial;

6. That Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause;

7. That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner;

8. Such other and further legal or equitable relief to which he may be entitled; and

9. That Plaintiff be granted such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**KELLY, KELLY & ALLMAN**

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
629 East Main Street
Hendersonville, Tennessee 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674
andylallman@comcast.net